Judge Owsley
delivered the opinion of the court.*
This is an appeal from a judgment rendered by the circuit court on the trial of a traverse, taken by Ewing to an inquisition, finding him guilty of a forcible detainer upon a warrant which issued in favor of Bowling.
There were two trials in the circuit court. On the first, *36 a verdict was found for Ewing; but on the application of Bowling, it was set aside, on the ground of its being against evidence—and on the second trial, a verdict being found for Bowling, judgment of restitution was rendered in his favor.
At common law, actual force was necessary to constitute a forcible detainer, and now a refusal to restore possession after the expiration of the lease, is essential to the maintainance of the warrant.
Bibb for appellant.
Exceptions having been taken to the opinion of the court, in awarding a new trial, and the evidence spread upon the record, it becomes material barely to examine, whether the verdict should have been set aside.
We are of opinion it should not.
Whether the case be considered either as at common law, or under the statute regulating proceedings in writs of forcible detainer, it is equally clear that, from the evidence exhibited in the record, the jury might very rationally infer Ewing not to have been guilty of a forcible detainer of the premises in contest.
There is not a solitary circumstance conducing to prove actual force in the detention by Ewing, and the weight of evidence is opposed to the conclusion of his having refused, after the expiration of his lease, to restore the possession either to Bowling, or any other by him authorised to receive it; and it is plain, that to constitute a forcible detainor, before the passage of the statute, actual force was essential; and to create a forcible detainer under the statute, there must be a refusal to restore the possession after the termination of the tenant’s lease.
The judgment must, therefore, be reversed with cost, the cause remanded to the circuit court, and judgment entered in favor of Ewing upon the first verdict.

Absent, Judge Rowan.